**FILED**
FEB 18 2015
Clerk, U.S. District and
Bankruptcy Courts

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

SHELIA BOWE-CONNOR             :

14008 Downdale Drive                :

Laurel, MD 20707                       :     CASE NUMBER :

    Plaintiff,                                   :

    vs.                                           :     Jury Demand

ROBERT A. McDONALD             :     Case: 1:15-cv-00231
                                                         Assigned To : Jackson, Ketanji Brown
Secretary of Veterans Affairs       :     Assign. Date : 2/18/2015
                                                         Description: Employ. Discrim.
810 Vermont Avenue                  :

Washington, DC 20420

    Defendant.                               :

---

## COMPLAINT

---

Shelia S. Bowe-Connor, Plaintiff, Pro Se Litigant, files this complaint for **WRONGFUL TERMINATION** and state claims against Defendant for Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§§ 2000e et seq., 501 of the Rehabilitation Act 1973 (29 U.S.C. 791), " The Rehab Act" et seq., 505 (29 U.S.C. 794(a)), and 42 U.S.C.§ 2000e-5(f) and claims that relate to wrongful termination.

PAGE 1

RECEIVED
FEB 18 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## PARTIES

1.

Shelia S. Bowe-Connor was employed by the Department of Veterans Affairs Medical Center known as "VAMC" in Washington, DC.

2.

Robert A. McDonald is Secretary of the Department of Veterans Affairs and is a member of the Executive Branch of the government of the United States of America.

3.

## JURISDICTION AND VENUE

The jurisdiction of this court is invoked pursuant to 28 U.S.C.§ 1331-2012 as a federal law and Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000 e et seq., 501 Rehabilitation Act 1973 ( Rehab Act) [ 29 U.S.C. 791] et seq.,505 Rehabilitation Act, 1973 (29 U.S.C. 794a )and 42 U.S.C. §2000 e -5f.

4.

## VENUE

Venue is proper pursuant to 28 U.S.C SECTION 1391.

5.

## FACTUAL HISTORY

6. Plaintiff has exhausted her administrative remedies and was referred to the U.S. Courts for the District based on 5 U.S.C. 7703 (b)(2) by a Final Order of the Merit System Protection Board (MSPB) on January 20, 2015.

7. Plaintiff is an adult individual over the age of 40 that resides in Laurel, MD.

8 .Plaintiff was employed by the Veterans Affairs Medical Center for almost 29 years.

**PAGE 2**

9. Plaintiff was a pharmacy technician in 1984 and later became a pharmacist in 1987.

10. Plaintiff's employment with the Veterans Affairs Medical Center was located at 50 Irving Street NW, Washington, DC 20422.

11. Plaintiff was of a protected class.

12. Robert A. McDonald, Secretary of Veterans Affairs, is the defendant.

13. Linwood Moore and Lucy Hilliard-Brown are the responsible supervisors.

14. Plaintiff had a disabling disability initiated by trying to separate two co-workers involved in a physical altercation in the Pharmacy Department.

15. The injury was exacerbated by the unfair working conditions with the pharmacy under construction which resulted in an increase of walking, standing and bending.

16. Plaintiff had a physical impairment that limited one of the major life activities.

17. Plaintiff's physician referred Plaintiff to physical therapy.

18. In August 2012 Plaintiff was placed on light duty with restrictions and reasonable accommodations for walking, standing and bending.

19. The information was given to the VA Employee Health and the immediate supervisor.

20. Plaintiff was still able to perform the academic and essential functions of her position.

21. Plaintiff requested to process mail from home but was denied.

22. Plaintiff would drive one hour into work and one hour back home in excruciating pain.

23. Plaintiff had to refer supervisor Lucy Hilliard-Brown to the ethics committee for revealing Plaintiff's private information to co-workers.

24. Plaintiff had filed prior EEOC complaints, Grievances and a Civil case against defendant.

25. January 2013 Plaintiff filed another EEOC complaint.

26. March 28, 2013 the Office of Diversity at the VA Medical Center approved the reasonable accommodations requested by Plaintiff's physician.

27. On Thursday, March 28, 2013 Plaintiff was verbally abused by co-worker Tunde Osun.

28. The supervisor Lucy Hilliard-Brown discussed Plaintiff's confidential information

discussed in the March 28, 2013 EEOC meeting concerning Plaintiff's accommodations with co-worker Tunde Osun. (Exhibit 1 and Exhibit 1A).

29. April 2013 Plaintiff was given information concerning a proposed removal on incidents management alleged occurred in January and February 2013.

30. Pharmacy Management never discussed the incidents or the Reports of Contact with Plaintiff

31. **April 2013** was the first time Plaintiff saw the Reports of Contact.

32. Plaintiff went by Human Resources in **April 2013** and Latoya Smith (Human Resource Specialist) gave Plaintiff further information concerning the proposed discipline.

33. The left hand side of the folder was signed by the Chief of Pharmacy Terrill Washington and Supervisor Lucy Hilliard-Brown which showed Plaintiff was **terminated on on 3/1/2013.**

34. Plaintiff met with the Director of the hospital in April 2013 concerning the Proposed Removal based on disrespectful conduct, conduct unbecoming, and causing a delay in patient receiving medication.

35. The charges were sustained by the Director and Plaintiff was wrongfully removed from service on May 17, 2013.

36. Plaintiff did not receive severance pay and was removed similar to an at will employee.

37. Plaintiff appealed through the Merit System Protection Board in June 2013 and a decision was made in September 2014.

38. A Petition for Review was filed in September 2014 and a Final Order was given January 20, 2014.

39. Since discrimination was involved with the Merit System Protection Board the case was referred to the U.S. COURTS FOR THE DISTRICT for litigation.

40. The Defendant has intentionally maintained these discriminatory and unlawful practices to detriment of the Plaintiff.

dated January 24, 2013 by the Supervisor.

77. Plaintiff advised the supervisor the STAT table was 2 hours behind in filling orders for the and a technician was needed to help with the orders.

78. A new technician was brought to the table to be trained on filling orders.

79. The supervisor began to comment on the EEOC complaint filed in January 2013.

80. The supervisor Lucy Hilliard-Brown made the comment that Plaintiff could do outside and if Plaintiff continued with the lawsuit that Plaintiff would be sorry.

81. Plaintiff advised the supervisor that she could not harass the Plaintiff. (Exhibit 2)

82. The supervisor harassed Plaintiff with malice and reckless indifference to Plaintiff's Statutory rights.

83. Defendant failed to provide the need accommodations as requested by Plaintiff's Physician and physical therapist.

84. Defendant was in violation of Title VII, retaliation, reprisal and violation of the Rehabilitation Act of 1973 (29 U.S.C.791) et seq.

85. Plaintiff was **WRONGFULLY TERMINATED.**

86. Plaintiff experienced economic hardship as a result of the discrimination.

87. The discipline was not discussed with Plaintiff by pharmacy management. Plaintiff saw the charge on the April 2013 proposed removal.

**Wherefore** Plaintiff request the following Relief be granted:

A. Compensatory damages

B. Back pay and other lost economic benefits

C. Front pay in lieu of reinstatement

D. Reinstatement of health insurance and life insurance

E. Attorney Fees

F. Medical Expenses

G. Expert Witness Fees

**PAGE 8**

H. Prejudgment and Postjudgement Interest

I. Damages for Emotional Distress / Pain and Anguish

J. Monetary Amount of 2 MILLION DOLLARS

K. Such other relief as may be just, legal, or equitable under the circumstances.

### JURY

### DEMAND JURY TRIAL

Respectfully Submitted,

*[signature]*

Shelia S. Bowe-Connor

Pro Se Litigant

14008 Downdale Drive

Laurel, MD 20707

301-776-0999

Sssc19@outlook.com

PAGE 9