UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHELIA S. BOWE-CONNOR,

      Plaintiff,

v.

ROBERT A. MCDONALD,
Secretary of Veterans Affairs,

      Defendant.

Civil Action No. 15-231
DAR

# MEMORANDUM OPINION

*Pro se* litigant, Shelia S. Bowe-Connor, brings this employment discrimination case alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and sections 501 and 505 of the Rehabilitation Act of 1973, 29 U.S.C. 791, 794(a) *et seq.*, as well as claims relating to wrongful termination.[1] *See* Complaint (ECF No. 1) at 1.  Defendant has moved to dismiss for lack of subject matter jurisdiction because Plaintiff failed to exhaust her administrative remedies, or, in the alternative, for summary judgment.  Defendant's Motion to Dismiss or, In the Alternative, For Summary Judgment (ECF No. 8).

**PROCEDURAL BACKGROUND**

Plaintiff was an employee of the Department of Veterans Affairs Medical Center from 1984 until her removal on May 17, 2013.  Compl. ¶¶ 8–9.  Plaintiff appealed her removal to the Merit Systems Protection Board ("MSPB") in June 2013 on the ground that the penalty of removal was disparate, and, in addition, alleged harmful procedural error.  *See generally*

---

[1] In a related case before the undersigned, Plaintiff was advised of her obligations to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court.  *See Bowe-Connor v. McDonald*, No. 13-cv-1993, Order of 12/09/2014 (ECF No. 58).

Appellant's Prehearing Submissions (ECF No. 20-3).  Plaintiff's case was heard before an Administrative Judge ("AJ"), who upheld her removal as proper in an initial decision dated September 11, 2014.  *See* Initial Decision (ECF No. 8 Ex. 1).  Plaintiff sought review of the AJ's initial decision by the MSPB, which subsequently affirmed the AJ's determination and issued a final order on January 20, 2015.  *See* Final Order (ECF No. 8, Ex. 2) at 6–8.  The MSPB's final order upheld the AJ's decision with regard to Plaintiff's disparate removal and procedural error claims; however, the MSPB declined to consider Plaintiff's allegations of disability discrimination and reprisal because, it found, she had raised them for the first time on her petition for review.  *Id.* at 9.  Plaintiff filed the present action on February 18, 2015.

**CONTENTIONS OF THE PARTIES**

Plaintiff contends that she was improperly terminated from her position with the VA based on, *inter alia*, disparate treatment on account of her disability as well as reprisal for prior protected EEOC activity.  *See* Compl. ¶¶ 41–87.  Defendant argues that the Plaintiff has failed to properly exhaust her administrative remedies before the MSPB.  Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss or, In the Alternative, for Summary Judgment (ECF No. 8) at 5–10.  Because Plaintiff did not raise her discrimination claims until after the AJ had already made its initial decision, Defendant argues, Plaintiff has failed to bring a "mixed case" — *i.e.* one involving adverse employment action and discrimination.  *See id.* at 7–8.  As such, Defendant contends, this Court lacks subject matter jurisdiction and therefore must dismiss Plaintiff's complaint.  *Id.* at 10.

Plaintiff disputes Defendant's contention that she failed to exhaust her administrative remedies, arguing that she did bring a "mixed case" before the MSPB.  Plaintiff's Opposition Motion to Defendant's Statement of Material Facts as to which there is No Genuine Dispute

(ECF No. 11) at 2.  Plaintiff argues that she asserted discrimination claims when she described the "precise disability . . . to the AJ in the initial hearing when [the AJ] asked Plaintiff to define the terminology 'light duty.'"  Plaintiff's Opposition to Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss or in the Alternative for Summary Judgment (ECF No. 11) at 2.  According to Plaintiff's opposition, "The AJ judge tried to get Plaintiff to retire on disability retirement and the Plaintiff had to explain to the AJ what light duty meant.  Plaintiff [sic] Discriminatory and non-discriminatory claims were presented at the initial appeal." *Id.* at 5.  Plaintiff contends that because she discussed her disability with the AJ during the hearing, she successfully brought a "mixed case" before the MSPB and therefore this court has jurisdiction to hear her claim.

**APPLICABLE STANDARDS**

<u>Motion to Dismiss</u>

As stated above, Defendant has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction based on Plaintiff's failure to exhaust, and Rule 12(b)(6) for failure to state a claim.  This court has held, however, that "motions to dismiss for exhaustion . . . are more appropriately addressed as motions to dismiss for failure to state a claim under Rule 12(b)(6)" than for lack of jurisdiction under 12(b)(1).  *Marcelus v. Corrections Corp. of America/Correctional Treatment Facility*, 540 F. Supp. 2d 231, 234 (D.D.C. 2008) (citing *Alfred v. Scribner Hall & Thompson, LLP*, 473 F. Supp. 2d 6, 8 (D.D.C. 2007); *Potts v. Howard Univ.*, 240 F.R.D. 14, 18–19 (D.D.C. 2007), *rev'd on other grounds*, 2007 WL 4561147 (D.C. Cir. Dec. 7, 2007)).  Under the 12(b)(6) analysis, "a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and

conclusions. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

While a court must typically limit its 12(b)(6) inquiry to the pleadings, *see Rodgers v. Perez*, 139 F. Supp. 3d 67, 74 (D.D.C. 2015) (quoting Fed. R. Civ. P. 12(d)), courts "may consider documents attached to or incorporated by the complaint in deciding a Rule 12(b)(6) motion without converting the motion into one for summary judgment." *Marcelus*, 540 F. Supp. 2d 235 n.5; *EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621 (D.C. Cir. 1997); *Carter v. Washington Post*, 2006 WL 1371677, at *3 n.4 (D.D.C. May 15, 2006). A review of Plaintiff's complaint reveals that while she did reference both the AJ's Initial Decision and the MSPB's Final Order, she did not include the Plaintiff's notice of appeal of her removal to the AJ, her prehearing submissions, the VA's prehearing submission, or the Order and Summary of Prehearing Conferences with the AJ. Compl. ¶¶ 6, 37–38; *see also Carter*, 2006 WL 1371677, at *1 n.2. Therefore, since the court must look to documents outside the pleadings to resolve the issue of whether Plaintiff successfully brought a "mixed case," the 12(b)(6) standard is inappropriate. *See* Fed. R. Civ. P. 12(d). Accordingly, the court will deny the Defendant's motion to dismiss and turn instead to the alternative motion for summary judgment.

Motion for Summary Judgment

An order of summary judgment is appropriate when the moving party has shown that there are no genuine issues of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue is one where the "evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Moreover, a material fact is one which is capable of affecting the outcome of the litigation. *Id.*

When a court considers a motion for summary judgment, it "should review all of the evidence in the record . . . [and] draw all reasonable inferences in favor of the nonmoving party." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

### Jurisdiction

Generally, decisions of the MSPB "are reviewed in the Federal Circuit." *Perry v. Merit Systems Protection Board*, 2016 WL 3947838, at *1 (D.C. Cir. July 22, 2016). One exception is made for "mixed cases" brought before the MSPB that allege adverse employment action along with allegations of discrimination. *See id.*; *Rodgers v. Perez*, 139 F. Supp. 3d 67, 71 n.1 (D.D.C. 2015) (citing 5 U.S.C. § 7703(b)(2)). A "mixed case" is defined by statute as one in which the employee "(A) has been affected by an action which [she] may appeal to the Merits Systems Protection Board, and (B) alleges that a basis for the action was discrimination prohibited by" certain federal laws. 5 U.S.C. § 7702(a)(1).

While certain holdings of the Supreme Court, and of this Circuit, have sought to clarify the requirements for what constitutes an "appealable" action to the MSPB under part (A) of the statute, *see generally Powell v. Department of Defense*, 158 F.3d 597 (D.C. Cir. 1998); *Kloeckner v. Solis*, 133 S.Ct. 596 (2012); *Perry v. Merit Systems Protection Board*, 2016 WL 3947838 (D.C. Cir. July 22, 2016), significantly fewer cases have discussed what is required to properly allege discrimination under part (B) of the statute, *see Rodgers v. Perez*, 139 F. Supp. 3d 67 (D.D.C. 2015). Generally, a plaintiff bringing a "mixed case" must "allege that the personnel action was taken, in whole or in part, based on discrimination prohibited by another federal statute, such as Title VII of the Civil Rights Act." *Rodgers*, 139 F. Supp. 3d at 71. Such cases are "mixed" because "they allege violations of *both* civil service law and civil rights law." *Id.* (citing 29 C.F.R. § 1614.302) (emphasis added).

**ANALYSIS**

The central question in this matter is whether or not Plaintiff brought a "mixed case" before the MSPB. If Plaintiff did, then this court has jurisdiction to hear Plaintiff's claim; if she failed to do so, then this court is without jurisdiction. Based on the Plaintiff's complaint, the Defendant's Motion, the Plaintiff's opposition thereto, and the supplemental documents filed by both parties, this court finds that the Plaintiff failed to sufficiently raise a "mixed case" before the MSPB and therefore will grant an order of summary judgment for the Defendant for the reasons outlined below.

The applicable federal regulation provides, in pertinent part, that "[a]n appellant may raise a claim or defense not included in the appeal at any time before the end of the conference(s) held to define the issues in the case. An appellant may not raise a new claim or defense after that time, except for good cause shown." 5 C.F.R. § 1201.24(b). In order to have brought a "mixed case" before the MSPB, the Plaintiff would have been required to raise a claim or defense relating to discrimination in addition to her claim that her removal was improper because of disparate penalty and harmful procedural error by the VA. *See* Initial Decision (ECF No. 8 Ex. 1) at 7–9. A review of the Plaintiff's Prehearing Submissions lists the following legal issues, in their entirety, as presented in the Plaintiff's appeal to the MSPB:

> 1. The removal was unwarranted because the Agency committed harmful error by failing to follow procedures required by the parties' collective bargaining agreement:
>    a. The agency committed harmful error by relying exclusively on supervisory noted that were not shown to the Appellant prior to use in the proposed removal notice as required by the MCBA;
>    b. The agency committed harmful error by failing to investigate each allegation, as required by the MCBA, to include failure to interview the Appellant and appropriate witnesses;
>    c. The agency committed harmful error because it failed to consider evidence that refuted the charges as required by the MCBA;
>    d. The agency committed harmful error because it provided the Appellant with an incorrect timeframe for filing a grievance appeal;

>   e.  The removal was untimely; and
>   f.  The removal constituted disparate treatment.

Appellant's Prehearing Submissions (ECF No. 20-3) at 6–7.  Even while reviewing the record in the light most favorable to Plaintiff as the non-moving party — as the court must do at the summary judgment stage — the court does not find that by referring to "disparate treatment" Plaintiff was in actuality referring to unlawful discrimination.  The remainder of Plaintiff's submission simply does not support such an interpretation.  In describing the allegation of "disparate treatment," Plaintiff notes that "only two other employees of the [VA] pharmacy service have been disciplined," but argues that "[u]nlike the previous employees who were suspended, the Appellant was not involved in any verbal and/or physical altercation," and yet "the [VA] has imposed maximum discipline on the Appellant that is more severe than the discipline imposed on other [VA] employees." *Id.* at 4–5.  There is no mention of discrimination or retaliation in violation of a requisite federal statute.  As such, the court finds that Plaintiff failed to raise the issue of discrimination in her initial appeal before the MSPB.

   The question remains, however, whether Plaintiff successfully brought a "mixed case" appeal by supplementing her prehearing submissions at some time before the proceedings began before the AJ.  In a similar case recently decided by another court in this district, a motion to dismiss was denied because the Plaintiff had informed the AJ that "she was bringing a 'mixed case' and that she wished to bring her Title VII claims before the MSPB as well." *Rodgers v. Perez*, 139 F. Supp. 3d 67, 75 (D.D.C. 2015).  While the Plaintiff had not formally amended her appeal, the court found that she had raised her discrimination claims before the AJ during the conference to define the issues, and therefore had successfully brought a "mixed case" appeal before the MSPB.  *Id.*

*Rodgers* is inapposite in the context of the instance case, however, because the record indicates that Plaintiff failed to notify the AJ that she was raising any discrimination claims. The AJ's Order and Summary of Prehearing Conference notes that the Plaintiff's only issues were that "she was subjected to a disparate penalty" and that "the agency committed harmful procedural error in delaying the issuance of its notice and proposed removal in violation of the collective bargaining agreement." Order and Summary of Prehearing Conference (ECF No. 20-5) at 1. Unlike in *Rodgers*, the AJ was not put on notice of any allegations of discrimination and did not order discovery on those issues. *See Rodgers*, 139 F. Supp. 3d at 75 ("[T]he ALJ granted Ms. Rodgers discovery on both the civil service law and civil rights law issues, indicating that Ms. Rodgers was 'raising claims of discrimination and retaliation for engaging in EEO activity in connection with the reduction in her pay.'")

Plaintiff contends that she testified about her disability during the proceeding before the AJ, noting that the "AJ judge tried to get Plaintiff to retire on disability retirement and the Plaintiff had to explain to the AJ what light duty meant." Pl.'s Opp'n to Def.'s Mem. of P&A (ECF No. 11) at 5. Assuming that Plaintiff is correct that she testified regarding her disability before the AJ, she still failed to comply with two requirements, namely, that a plaintiff "allege[] that a basis for the action was discrimination," 5 U.S.C. 7702(a)(1)(B), and raise such a claim before the end of the conference held to define the issues, 5 C.F.R. § 1201.24(b). The AJ reminded both parties to "file any objections or corrections to this summary" if either should feel that "this summary inaccurately summarizes the prehearing conference."[2] Order and Summary of Prehearing Conference (ECF No. 20-5) at 2. Plaintiff failed to do so.

---

[2] The court notes that while Plaintiff is currently proceeding *pro se*, as she did during her petition for review by the MSPB, Plaintiff was represented by a union steward, who is also an attorney, during the initial administrative proceeding, including the hearing before the AJ. Appellant's Prehearing Submissions (ECF No. 20-3) at 9 (submission submitted by Jennifer Schingle, Esq.); Initial Decision (ECF No. 20-7) (noting that Plaintiff was

The record indicates that the first time Plaintiff raised an allegation of unlawful discrimination was upon her request for review by the full MSPB. *See* Petition for Review of the Initial Decision (ECF No. 20-7) at 2; *see also* Final Order (ECF No. 8-2) at 9 ("In two hearing orders, the appellant was notified that, absent good cause, she would be limited to the facts and issues (including affirmative defenses) identified in her prehearing submissions . . . . The appellant, however, did not raise the affirmative defenses of disability discrimination or reprisal. The Board will not consider an argument raised for the first time in a petition for review. . . ."). Therefore, since Plaintiff failed to raise issues of discrimination in her initial appeal to the MSPB, she has failed to bring a "mixed case" within the meaning of the statute.

Plaintiff, in her opposition to the motion for summary judgment, mainly re-argues the merits of her MSPB case and fails to identify genuine disputes of material fact that would defeat the motion. As mentioned above, Plaintiff does assert that she brought a "mixed case" before the AJ "in the initial appeal process because Plaintiff testified on the affirmative defenses." Pl.'s Opp'n Mot. to Def.'s Statement of Material Facts as to Which There is No Genuine Dispute (ECF No. 11) at 4. Even assuming that Plaintiff is correct, this fails to satisfy the requirement that Plaintiff raise the issue of discrimination "before the end of the conference(s) held to define the issues in the case." 5 C.F.R. § 1201.24(b).

**CONCLUSION**

The court finds that Plaintiff failed to properly bring a "mixed case" before the MSPB. *Perry*, 2016 WL 3947838, at *1. As this court does not have jurisdiction to hear Plaintiff's

---

represented by Jennifer C. Schingle). Thus, any latitude which otherwise might be extended to a litigant who drafted an administrative complaint without the benefit of counsel is unwarranted here.

appeal of a non-"mixed case" adverse MSPB decision, this court will grant the Defendant's motion for summary judgment.  An appropriate Order accompanies this Opinion.

                                                  /s/
                                DEBORAH A. ROBINSON
Date:  September 30, 2016             United States Magistrate Judge